McGILL, PLAINTIFF-APPELLEE, v. McGILL, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25553.   Decided January 18, 1962.

382

*Mr. Gerald J. Lavelle*, for plaintiff-appellee.

*Mr. Samuel Handelman* and *Mr. D'Arnold Davis,* for defendant-appellant.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

COLLIER, J.   This appeal on questions of law is directed to the ruling of the Common Pleas Court of Cuyahoga County, dismissing defendant-appellant's petition to vacate the decree of divorce previously rendered in this cause.

There is no bill of exceptions, but it appears from the original papers and journal entries that Goldie E. McGill and John McGill were married December 3, 1945, and that there were no children as the issue of this marriage; that in September, 1954, Goldie E. McGill instituted an action for divorce against the defendant, John McGill; that service was had upon the defendant by publication, proof of which was filed January 3, 1955; that the case was heard February 3, 1955, and on February 8, 1955, a decree of divorce was entered; that Goldie E. McGill died June 28, 1960, without having remarried; that her death having been suggested to the Court, on September

27, 1960, Harriott Ingram, as executrix, was substituted for her decedent, "for the purpose of responding to a petition to vacate a decree of divorce entered February 8, 1955," that on the same day the defendant, John McGill, filed his petition to vacate said divorce decree on the ground that the divorce was procured by fraud in that the plaintiff either knew where the defendant resided at the time or failed to exercise any diligence to ascertain such fact and that the defendant had no actual notice in time to appear and make his defense.

On October 28, 1960, the executrix of the estate, having been served by process, filed a motion to dismiss the petition to vacate the divorce decree entered February 8, 1955. After hearing, the trial court sustained said motion and dismissed defendant's petition to vacate said judgment of divorce from which this appeal on questions of law followed.

The defendant-appellant sets forth five assignments of error, but the single question for determination in this appeal is, under the circumstances above set forth, did the trial court commit prejudicial error in dismissing defendant's petition to vacate the divorce decree entered February 8, 1955.

The Supreme Court of Ohio in the case of *Parish* v. *Parish*, 9 Ohio St., 534 (1859), established the principle, based upon public policy, that a decree of divorce could not be vacated at a subsequent term of court. This rule was continuously followed in Ohio until the decision in the case of *Jelm* v. *Jelm*, 155 Ohio St., 226, 98 N. E. (2d), 401 (1958), which overruled the *Parish case*. It is now well settled that Section 2325.01, Revised Code, is applicable to an action for divorce and that in a proper case a Common Pleas Court may vacate its own judgment of divorce after the term in which it was rendered for fraud practiced by the successful party in obtaining the judgment. It was also held in the *Jelm case* that a Common Pleas Court, as a court of general jurisdiction, has inherent power to vacate a judgment of divorce rendered in a previous term of court when such judgment of divorce was procured by a fraud upon the court.

We have the benefit of a very well considered opinion by the trial court, the Honorable Charles W. White, in which he states three principal reasons for dismissing defendant's petition to vacate the judgment of divorce in the instant case. These

are: First, a marked distinction between the facts and circumstances in the instant case and the *Jelm case,* especially with reference to the lapse of time after the judgment was rendered. And, secondly, that since the divorce decree was obtained on service by publication, the defendant's action to vacate such judgment was barred by Section 2325.02, Revised Code, which reads:

"A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, *within five years after the date of the judgment or order,* may have the judgment or order opened and be let in to defend. Before the judgment or order can be opened, the applicant shall give notice to the adverse party of his intention to make the application, *file a full answer to the petition,* pay all costs, if the court requires them to be paid, and make it appear, to the satisfaction of the court, that during the pendency of the action he had no actual notice thereof in time to appear and make his defense. Each party may present affidavits." (Emphasis added.)

Also, for the further reason that the defendant failed to comply with the provisions of this statute requiring the defendant to file a full answer to the petition.

It will be observed that the death of the original plaintiff, Goldie E. McGill, ensued after the expiration of the five-year period of limitation. In the *Jelm case* no such time element was involved; the petition to vacate the judgment was filed in the next succeeding term of court in that case.

We concur in the conclusions reached by the trial court and find no error prejudicial to the rights of the appellant and, therefore, the judgment must be affirmed.

Judgment affirmed.

RADCLIFF, P. J., and BROWN, J., concur.